**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| In re: | : | Case No. 18-13425 |
| | : | |
| Joshua V. Jones | : | Chapter 13 |
| Amanda M. Jones | : | |
| | : | Judge Hopkins |
| Debtor(s) | : | |
| | : | **DEBTORS MOTION IN OPPOSITION TO** |
| | : | **WITHDRAW OF COUNSEL** |
| | : | |

Now comes Joshua and Amanda Jones ("Debtors") in opposition to attorney Nicholas Zingarelli ("Debtors legal counsel") motion to withdraw as counsel, and hereby moves this honorable Court to sanction Debtors legal counsel for his unethical actions against his clients interests, and refund Debtors $5,000.00 to hire legal counsel for pursuit against Debtors Homeowner's Association ("Creditor") for numerous acts of fraud.

Specifically, Debtors legal counsel scheduled a telephone conference with Debtor, Joshua Jones, on November 7, 2018. In the November 7, 2018 telephone conference, Debtors legal counsel offered legal counsel to his clients, stating that he would represent Debtors in their state court and Bankruptcy Court pursuit of fraud against Debtors Homeowner's Association ("Creditor"), further stating that the $5,000.00 retained by Debtors was not necessary as a result of Debtors legal counsel's offer of representation.

Debtors relied solely upon statements by Debtors legal counsel during November 7, 2018 telephone conference, to include but not limited to, the following statements. Debtors legal counsel's statements and corresponding time stamps, along with audio recording attached to this motion (via USB Flash drive at hearing), **Exhibit A:**

1. Starting at 4:10 timestamp. In reply to Joshua Jones' statement, that he would need to hire an attorney to pursue the Homeowner's Association for fraud in state court, Debtors legal counsel stated **"that is something I can do, I do plenty of work in state court, but if it does get to the point that we need to bring in a specialist, ok lets cross that bridge when we get to it"** (5:00 timestamp).
2. Starting at 8:52 timestamp. **"if we need to go back to state court, we can do that"**, (at 9:14 timestamp) **"we fight the battle in the Bankruptcy realm, you know, I charge on**

    an hourly basis, which means that I don't need a retainer, I have the Bankruptcy estate to be able to pay me from the payments you make to the Trustee"

3. Starting at 10:44 timestamp. **"if we catch them in lies in front of the bankruptcy court"**, **"and say judge this goes beyond just making a mistake, this goes onto actually intentionally falsifying records"**, (11:26 timestamp) **"have you ever seen "the Firm?" "You know at the end how they ultimately end up taking down all the bad lawyers is through mail fraud, and sending fake billing records. They did a whole lot of other really terrible things, yeah, but you know what they still got the same result, which is these guys are out of business and they're gonna go get to be guests of the state or the government."**

4. The attached affidavit from Debtor, Joshua Jones, confirms the audio recording to be a true and correct copy of the November 7, 2018 telephone conference scheduled by Debtors legal counsel with Debtor, Joshua Jones, **Exhibit B**.

Since the November 7, 2018 telephone conference Debtors legal counsel, has repeatedly denied ever making the statements of legal counsel in telephone conference, and has refused to take any actions as outlined in same statements, **Exhibit A**.

When Debtors agreed to forego $5,000.00 to the Bankruptcy Court, Debtors relied solely upon Debtors legal counsel's statements during the November 7, 2018 telephone conference. It is clear that Debtors legal counsel never had any intent to represent Debtors in fraud actions in state court or Bankruptcy Court, or in the pursuit of criminal actions against Debtors Homeowners Association ("Creditor") for mailing fraudulent HOA bills & fraudulent legal bills. Debtors legal counsel's actions of obtaining Debtors concurrence to forego $5,000.00 that Debtors had retained to hire legal counsel for the pursuit of fraud in state court, does not benefit the interests of Debtors, but appears to benefit the interests of Debtors Homeowner's Association ("Creditor") in avoiding state court actions of fraud.

Debtors submit that no good cause exists for withdraw and that the Debtors legal counsel should be sanctioned for his unethical actions, as well his actions against the interests of his clients. Debtors legal counsel has willfully created the current issues with his client, by first volunteering to represent Debtors in actions of fraud against the Debtors Homeowner's Association ("Creditor"), and secondly by denying ever making the aforementioned statements in **Exhibit A**; as well as Debtors legal counsel failing to take any actions outlined in his own statements in

**Exhibit A.** As a direct result Debtors are left without the $5,000.00 previously retained to pursue matters of fraud against Debtors Homeowner's Association ("Creditor") in state court, and also now without legal counsel in Bankruptcy proceedings.

Debtors hereby moves this honorable Court to sanction Debtors legal counsel for his unethical actions against his clients interests, and refund Debtors $5,000.00 to hire legal counsel for pursuit against Debtors Homeowner's Association ("Creditor") for numerous acts of fraud.

Respectfully submitted,

_____
Joshua V. Jones

_____
Amanda M. Jones

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Debtors Motion in Opposition to Withdraw as Counsel was served by ordinary U.S. mail or via Electronic mail on May 24, 2019 to:

Zingarelli Law Office
810 Sycamore Street, Third Floor
Cincinnati, Ohio 45202

Margaret A. Burks
Chapter 13 Trustee
600 Vine Street, Suite 2200
Cincinnati, Ohio 45202